UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSE MEDINA,

Plaintiff,

v.

U.S. BUREAU OF PRISON, Mrs. C. REESE, S. GROTH, CATHY, and R. ALCOSER,

Defendants.

CIVIL NO. 01-541 (MJD/AJB)

REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate, is seeking relief for alleged violations of his federal constitutional rights. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to plead a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff is confined at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). He is presently attempting to sue certain employees at FMC-Rochester, as well as the federal Bureau of Prisons, ("BOP"), for allegedly violating his

[1] Plaintiff did not tender the required filing fee with his initial pleading but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 4.) By order dated April 5, 2001, (Docket No. 7), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, and the matter is therefore ripe for initial screening pursuant to § 1915A.

FILED JUN 06 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____________
DEPUTY CLERK____________

right to religious freedom under the First Amendment.

Plaintiff commenced this action by filing a self-styled pleading entitled "Writ of Mandamus." (Docket No. 1.) On May 1, 2001, he filed a new pleading, which has been construed to be an Amended Complaint.[2] (Docket No. 10.)

Plaintiff alleges in his Amended Complaint that on March 10, 2001, Defendant S. Groth made antisemitic comments to Plaintiff, which included a statement that Judaism is "silly." Groth's alleged remarks offended Plaintiff because he is Jewish. Plaintiff claims that he suffered "mental abuse, and mental anguish, by and from verbal abuse of hate." (Amended Complaint, p. 1.)

Plaintiff further alleges that on April 4, 2001, Defendant "Cathy" also made antisemitic statements to Plaintiff, resulting in additional "hate, discrimination... mental abuse and mental anguish by verbal abuse of hate." (Amended Complaint, p. 5.) Defendant Cathy, like Defendant Groth, allegedly called Judaism "silly."

Defendant Alcoser, a chaplain at FMC-Rochester, is being sued because he allegedly approved the antisemitic comments purportedly made by Defendants Groth and Cathy. According to the Amended Complaint, Defendant Alcoser "is being charged with aiding and abetting" the other Defendants. Plaintiff has failed to explain why he is attempting to sue the other two named Defendants -- Defendant Reese, (the Warden at FMC-Rochester), and the BOP.

---

[2] Because no Defendant has appeared in this action, Plaintiff was entitled to file an amended pleading "once as a matter of course," pursuant to Fed. R. Civ. P. 15(a).

The Amended Complaint does not include any specific request for relief. Plaintiff merely states, in the last sentence of his pleading, "[i]n the interest of justice, to bring down the great white wall of conspiracy and pervasive medical malfeasance." (Amended Complaint, p. 8.)

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees and a government agency, (the BOP), his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

The Court concludes that the present action must be summarily dismissed pursuant to § 1915A(b)(1), because the Amended Complaint fails to state any claim on which relief can be granted. Plaintiff's pleading is inadequate for three reasons.

First, Plaintiff has not alleged that any Defendant did anything other than make offensive comments about his religion. While verbal threats and harassment against prisoners are obviously inappropriate and unprofessional, such conduct, will not, by itself, support a civil rights claim. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (abusive language and/or verbal harassment, is not, by itself, unconstitutional, and will not support

a civil rights cause of action); Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000) (same). Because Plaintiff's claims are based solely on alleged verbal abuse, he has failed to state an actionable civil rights claim.

Secondly, Plaintiff's claims are barred by 42 U.S.C. § 1997e(e). This statute, which was enacted as part of the PLRA, provides that:

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury, suffered while in custody, without a prior showing of physical injury."

Section 1997e(e) is directly applicable here. Plaintiff is a prisoner who has filed a federal civil action seeking to recover damages only for alleged mental anguish. There is no suggestion -- express or implicit -- that his alleged mental and emotional injuries are accompanied by any physical injury of any kind. His claims are therefore barred by § 1997e(e). See Zehner v. Trigg, 133 F.3d 459, 461-64 (7th Cir. 1997); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Finally, Plaintiff has failed to state an actionable civil rights claim, because he has not adequately shown that he has exhausted his available administrative remedies, as required by 42 U.S.C. § 1997e(a). That statute, which was enacted in 1996 as part of the PLRA, provides that

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Section 1997e(a) clearly requires that prisoners must exhaust all of their available administrative remedies before they can challenge the conditions of their confinement in a lawsuit brought in federal court. "Congress intended section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in Federal court.'" Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998), quoting 141 Cong.Rec. H1472-06, *H1480 (daily ed. Feb. 9, 1995). See also Booth v. Churner, No. 99-1964 (U.S. May 29, 2001), 2001 WL 567712 at *5 ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures").

The BOP provides a comprehensive administrative remedy procedure for federal inmates with grievances relating to the conditions of their confinement. The Code of Federal Regulations, ("C.F.R."), prescribes a four-step administrative process for resolving complaints brought by federal prisoners: (1) the inmate must present his claim informally to an appropriate prison staff member; (2) if the claim is not resolved informally to the inmate's satisfaction, he must then present a formal written Request for Administrative Remedy; (3) if the prisoner is not satisfied with the warden's response to that request, he must appeal to the Regional Director; and (4) if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office in order to fully exhaust his administrative remedies. 28 C.F.R. §§ 542.10-.16.

When a federal prisoner brings a civil rights action in federal court alleging that the conditions of his confinement are somehow illegal, he must affirmatively demonstrate in his complaint that he has satisfied § 1997e(a) by exhausting the

administrative remedies provided by the BOP at 28 C.F.R. §§ 542.10-.16. If his pleading does not include specific factual allegations showing that the exhaustion requirement has been satisfied, then the prisoner has failed to state an actionable claim, and his complaint is subject to summary dismissal. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) ("dismissal on the pleadings is proper for failure to plead the exhaustion of all administrative remedies").

In this case, Plaintiff has not adequately shown that he has fully exhausted all of his administrative remedies. His Amended Complaint includes a conclusory allegation that he "has exhausted all B.O.P.'s remedies," but he has offered no facts to support that contention.[3] Moreover, it appears that his exhaustion claim pertains only to "Count I," which is his claim against Defendant Groth. There is not even a bare allegation that Plaintiff has exhausted his administrative remedies with respect to his other claims. Because Plaintiff's Amended Complaint does not sufficiently demonstrate that he has fully exhausted all of his administrative remedies, it fails to state a claim on which relief can be granted.

## III. CONCLUSION

For each of the three reasons discussed above, the Court concludes that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that

---

[3] Frankly, the Court is very skeptical about the truthfulness of Plaintiff's unsubstantiated exhaustion allegation. The incidents giving rise to Plaintiff's claims allegedly occurred on March 10, 2001, and April 4, 2001, and the Amended Complaint, which includes the conclusory exhaustion allegation, was filed just a few weeks later, on May 1, 2001. Based on past experience with prisoner civil rights actions, the Court cannot believe -- without clear proof -- that Plaintiff fully exhausted all four steps of the BOP administrative remedy process in such a relatively short period of time.

Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $150 filing fee.[4] He has paid only $9.00, so he still owes $141.00. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 4), be **DENIED**;

---

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $141.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: June 6, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.